PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision

### [Supersedes Petition Filed as Docket Entry No. 90]

Name of Offender: <u>Lavar Summers</u>　　　Case Number: <u>3:08-00241</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>December 14, 2009</u>

Original Offense: <u>18 U.S.C.§ 924(c) Possession of a firearm in furtherance of drug trafficking</u>

Original Sentence: <u>112 months' custody, followed by five years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　　Date Supervision Commenced: <u>November 25, 2016</u>

Assistant U.S. Attorney: <u>Sunny A.M. Koshy</u>　　　Defense Attorney: <u>Ronald Small</u>

## PETITIONING THE COURT

　　___　To issue a Summons.
　　___　To issue a Warrant.
　　_X_　To Consider the Additional Violations/Information.

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ To Consider Additional Violations/Information
☐ Other

Considered this _28th_ day of _June_, 2017, and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Zachary Johnson
U.S. Probation Officer

Place　Nashville, TN

Date　June 27, 2017

## ALLEGED VIOLATIONS

The information in the previous petition, filed as docket entry No. 90, has been amended as follows:

> Violation No. 1- has been amended to include a disposition.
> Violation No. 2- has been amended to include a disposition.
> Compliance with Supervision Conditions and Prior Interventions-has been amended to include additional information.
> Sentencing Recommendation Page-has been amended to reflect new guideline range.

| Violation Number | Nature of Noncompliance |
|---|---|
| **1.** | **The defendant shall not commit another federal, state, or local crime.** |
| | On May 26, 2017, Mr. Summers was arrested by the Metropolitan Nashville Police Department and charged with Sale of a Controlled Substance-Schedule II. Mr. Summers is scheduled to appear in state court on June 12, 2017. **On June 14, 2017, the aforementioned charge was dismissed.** |
| **2.** | **The defendant shall not commit another federal, state, or local crime.** |
| | On June 7, 2017, Mr. Summers was arrested by the Metropolitan Nashville Police Department and charged with Possession with Intent to Distribute a Controlled Substance-Cocaine .5 grams or More. The offender is scheduled to appear in state court on June 9, 2107. **On June 15, 2017, Mr. Summers pled Nolo Contendere to Possession or Casual Exchange of a Controlled Substance, a misdemeanor.** |

### Compliance with Supervision Conditions and Prior Interventions:

Mr. Summers commenced his term of supervised release on November 25, 2016. Mr. Summers is scheduled to terminate from supervision on November 24, 2021. The offender's imposed special conditions of substance abuse testing and treatment, mental health treatment, furnish all financial records, and special assessment fee of $100, were enforced by this office effective the offender's release from the Bureau of Prisons. Mr. Summers has paid his special assessment fee. Mr. Summers was enrolled in the probation office's random drug testing program effective November 2016, to present.

Mr. Summers was referred to the Evelyn Frye Center for a substance abuse and mental health assessment on December 2, 2016. The assessment was conducted on December 23, 2016, recommending that Mr. Summers participate in individual mental health treatment. He has been complaint to date with his attendance and participation.

On March 17, 2017, a report was submitted to the Court reporting that Mr. Summers tested positive for marijuana on March 14, 2017, shortly after the death of his mother. On March 17, 2017, the Court ordered that no action be taken at the time.

Mr. Summers is employed through the temporary employment agency, Automation, and is assigned to Nissan. He has been employed with the agency since March 11, 2017.

Mr. Summers currently resides with his deceased mother's paramour in Nashville, Tennessee. Multiple home contacts have been conducted at this address by the undersigned officer with no evidence of any contraband in plain view. The most current successful home contact was conducted on May 12, 2017. The offender appears to be living within his means.

On May 26, 2017, this officer was contacted by the Metropolitan Nashville Police Department notifying that Mr. Summers was arrested for the above referenced charges. Mr. Summers was observed in a vehicle located in a McDonald's parking lot on Nolensville Pike. Detectives observed a female enter his vehicle and shortly thereafter exit his vehicle and enter her own vehicle. Law enforcement initiated a traffic stop on the female driver and found her to be in possession of approximately one gram of cocaine. She advised law enforcement that she purchased the cocaine from the offender and subsequently accurately described Mr. Summers. The offender was stopped by law enforcement for a traffic violation. Police directed Mr. Summers to exit the vehicle, he followed this directive. Mr. Summers consented to a pat down and search, to which detectives found large bundles of cash. The offender stated that he had approximately $100 on his person. Police found Mr. Summers to be in possession of $710 cash. Law enforcement questioned Mr. Summers association with the female that entered his vehicle. He initially stated that no one was in his vehicle and he had no idea what they (police) were talking about. The offender was asked again why the female was in his vehicle, Mr. Summers indicated that he was giving her money to impress her in hopes of sexual relations with her. Mr. Summers was placed under arrest and transferred to the Davidson County jail for processing. He was later released on bond and is scheduled to appear in state court on June 12, 2017.

On May 27, 2017, Mr. Summers was contacted by the undersigned officer telephonically. Mr. Summers indicated that he was arrested on May 26, 2017, and is to appear in state court on June 12, 2017. The offender denied any wrongdoing or criminal activity. This officer questioned why Mr. Summers had $710 cash on his person at the time of arrest, he answered with, "it was from my paycheck."

A petition requesting a warrant was submitted to the Court on May 30, 2017, for the above referenced felony state drug charges pending for Mr. Summers. On May 30, 2017, the Court ordered the issuance of a warrant.

On June 7, 2017, the Metropolitan Nashville Police Department stopped Mr. Summers for speeding. Upon conducting a record check on the offender, it was determined that he had a federal warrant for a supervised release violation. As such, Mr. Summers was taken into custody. The offender was searched and was found to be in possession of $582 cash. While en route to booking, Mr. Summers attempted to hid 5.5 grams of cocaine in the police vehicle. The police recovered $2,450 cash in bagged money in Mr. Summers' vehicle.

**On June 8, 2017, a superseding petition was submitted to the Court reporting that Mr. Summers was arrested on state felony drug charges on June 7, 2017. The Court ordered that the additional violations/information be considered at Mr. Summers' revocation hearing.**

**As previously indicated in this petition, Mr. Summers' pending state drug charge from his May 26, 2017, arrest was dismissed on June 14, 2017. His pending state drug charge from his June 7, 2017, arrest resulted in a Nolo Contendere disposition on June 15, 2017, he owes $1,025.00 in court fees.**

### Update of Offender Characteristics:

Mr. Summers is currently in custody at the Davidson County Jail.

### U.S. Probation Officer Recommendation:

The probation officer is respectfully recommending that the additional information/violation be considered at Mr. Summers' revocation hearing. The U.S. Attorney's Office has been notified and they concur with the recommendation.

Approved: _____
Donna Jackson
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. LAVAR SUMMERS, CASE NO. 3:08-00241

GRADE OF VIOLATION:      C
CRIMINAL HISTORY:        IV

ORIGINAL OFFENSE DATE:   POST APRIL 30, 2003      PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A Felony) 18 U.S.C. § 3583(e)(3) | 6-12 months U.S.S.G. § 7B1.4(a) | 12 months |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. § 3583(h) | 2-5 years U.S.S.G. § 5D1.2(a)(2) | None |

18 U.S.C. § 3583(g)(1) If the defendant possesses a controlled substance in violation of the condition set forth in subsection (d); The Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection 18 U.S.C. § 3583(e)(3).

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(1), upon a finding a Grade A or B violation, the Court shall revoke supervised release.

Respectfully Submitted,

_____
Zachary Johnson
U.S. Probation Officer

Approved: _____
Donna Jackson
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Lavar Summers

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:08CR00241 - 1

3. **District/Office**  Middle District Tennessee-Nashville

4. **Original Sentence Date**  12 / 14 / 2009
                                    month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall not commit another federal, state, or local crime | C |
   | Shall not commit another federal, state, or local crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     IV

10. **Range of Imprisonment** *(see §7B1.4(a))*     6-12 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____        Community Confinement _____

    Fine($)        _____        Home Detention         _____

    Other          _____        Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 2-5 years less any term

14. **Departure**
    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days